**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

        **Plaintiff,**

   **v.**

**GARY SYD GOLDBERG,**

        **Defendant.**

**Case No. 24-CR-00253-JDR**

### Government's Sentencing Memorandum

The Court should accept the parties 11(c)(1)(B) plea agreement and impose a sentence of 10 years imprisonment followed by a term of 15 years of supervision. Such a sentence adequately reflects the seriousness of Goldberg's offense, promotes respect for the law, provides just punishment, and protects the public from Goldberg's crimes against children.

### Relevant Facts

On October 12, 2023, the National Center for Missing and Exploited Children received a cybertip concerning a BingImage user who uploaded an image showing a young prepubescent female engaged in a sexual act with an adult man. A week later, a Mannford Police Department Detective obtained a subpoena for records pertaining to the BingImage user's IP address. The subpoena return revealed that the IP address was assigned to an account for Gary and Cyd Goldberg. Gary Goldberg's cell phone

number, email address, and home address all matched the information gathered from the subpoena.

Oklahoma State Bureau of Investigation agent, Darren Oceguera received the case and obtained a search warrant for residence. The search warrant was executed on February 26, 2024, and multiple devices were seized under the warrant, including a Silver Laptop, iPhone in Yankees case, Samsung Tablet, HP Laptop, four USB Drives, and an iPad in Drawer. A S&W .38 Revolver was also seized during the warrant. The revolver was loaded with three rounds of .38 ammunition.

The same day, Oceguera interviewed Goldberg. During the interview, Goldberg admitted to viewing child pornography for approximately 24 years and to having hundreds of images of child pornography on his laptop. He explained that he searched for the child pornography online and went to Google or specific websites to search for it. The specific websites did not have child pornography, but Goldberg explained that he knew where to click on the website to find it. He preferred images of female children between 13 and 14 years old, but also viewed images of children who were five or six years old. Goldberg estimated that he had viewed thousands of images over the past 24 years. He clarified that he did not purchase or share child pornography because he had been convicted in the past of purchasing child pornography videotapes online in the early 2000s and had served 18 months in federal prison for that offense. A later review of Goldberg's criminal history revealed that he pled guilty to Receipt of Child Porn Through the Mail on March 1, 2001, in case number 2000-CR-117-CVE-1 in the United States District Court for the

Northern District of Oklahoma. At the end of the interview, Goldberg was shown a sanitized image of the original cybertip and admitted that he recognized the image. A forensic examination of Goldberg's devices revealed that Goldberg possessed 227 images of child pornography, including images of prepubescent females who had not yet reached the age of 12 engaging in sexually explicit conduct.

On August 5, 2024, a grand jury indicted Goldberg with Possession of Child Pornography and Obstruction and Possession of a Firearm by a Convicted Felon. *See* PSR at ¶ 1. On January 21, 2025, Goldberg was named in a single-count Superseding Indictment charging him with Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). PSR at ¶ 3. Shortly after, Goldberg pleaded guilty to the Superseding Indictment pursuant to an 11(C)(1)(B) plea agreement, in which the parties agreed that a sentence of 10 years of imprisonment with 15 years of supervised release is the appropriate sentence in this case. *See* Dkt. # 45. Goldberg faces a statutory minimum sentence of 10 years imprisonment and a maximum sentence of 20 years' imprisonment. *See* PSR at ¶ 39.

**Argument & Authorities**

**I. The 18 U.S.C. § 3553(a) factors support the request for a 10-year sentence followed by a 15-year term of supervision.**

A sentence of 10 years followed by 15 years of supervision appropriately accounts for Goldberg's conduct, considering the relatively small number of child pornography images he possessed and his later cooperation with law enforcement. However, Goldberg's offense conduct still included targeting some of the most

3

vulnerable members of our society—children.

When determining an appropriate sentence, the Court must consider the 18 U.S.C. § 3553(a) factors, including: (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, and (3) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. *Gall v. United States*, 552 U.S. 38, 49 (2007).

### A. Nature and Circumstances of the Offense

By his own admission, Goldberg viewed and masturbated to child pornography daily and confessed to viewing thousands of images of child sexual abuse material over the past 24 years. At the time of this investigation, Goldberg possessed 227 images of child pornography, including images of prepubescent females who had not yet reached the age of 12 engaging in sexually explicit conduct. PSR at ¶ 5. At least two images identified on one of Goldberg's devices portrayed toddlers involved in sexual acts. *Id.* One image was of a prepubescent female being anally penetrated by the penis of an adult male. *Id.* Goldberg victimized children by possessing this child pornography and deriving sexual gratification from the abuse these young children suffered.

Though the number of child pornography images found on Goldberg's devices is far lower than a typical CP defendant, Goldberg's confession makes clear that he had been viewing child pornography for years and has potentially possessed and viewed far more images than what was found on his devices at the time of this investigation.

4

The nature and circumstances of the offense support a 10-year sentence followed by a 15-year term of supervision.

### B. History and characteristics of the defendant

Though his criminal history is brief, Goldberg is a convicted sex offender. He committed the instant offense despite serving 18 months in federal prison after pleading guilty to receiving child pornography through the mails. PSR at ¶ 26. In that case, Goldberg visited an undercover law enforcement website selling illicit materials, including child pornography, and ordered five videos depicting children between the ages of 10 and 16 years old participating in sexually explicit conduct. *Id.* Goldberg participated in several psychosexual assessments and treatments during supervision for this prior sex offense. PSR at ¶ 33. He was diagnosed with paraphilia based on use of pornographic materials, panic disorder, and adjustment disorder with mixed mood. *Id.* Despite those diagnoses and his subsequent treatment, Goldberg recidivated. His history warrants a sentence of 10 years of imprisonment followed by a supervision term of 15 years.

Goldberg reports a troubled childhood, punctuated by feelings of emotional disconnectedness as well as struggles with bedwetting and stuttering in the wake of his parents' divorce. PSR at ¶ 30. Today, Goldberg struggles with a host of physical and mental challenges that accompany aging, including back and joint issues, hearing loss, bed sores and infections. PSR at ¶ 32. However, Goldberg physical and mental health issues are no excuse to target children, and Goldberg was in control of his own choices. Goldberg chose to possess and receive sexual gratification from

possessing child pornography.

   **C. The need for the sentence to reflect the seriousness of the offense, promote respect for the law, deter future criminal conduct, and protect the public from further crimes of the defendant.**

   **1. A 10-year sentence with 15 years of supervision would reflect the seriousness of Goldberg's offense.**

"Retribution is a valid penological goal." *Glossip v. Gross*, 135 S. Ct. 2726, 2769 (2015) (Scalia, J. concurring); *see also United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008) ("[T]he length of the sentence reflects the gravity of the crime."). Here, the seriousness of Goldberg's crime weighs in favor of a lengthy sentence. Goldberg exploited children by possessing child pornography for his own sexual gratification.

   **2. A sentence of 10 years followed by 15 years of supervision would promote respect for the law.**

When Congress passed the Protection of Children against Sexual Exploitation Act of 1977, it sought to address the organized, nationwide child pornography industry that was generating millions of dollars through the exploitation of children. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. 40, 42-43. The Act, which included 18 U.S.C. § 2251, was aimed at filling a void in federal law by targeting the production of materials depicting child abuse. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 56. But the Act and its later amendments are more than prophylactic measures. They reflect value judgments and accepted moral norms of our society. As one Senate Judiciary Committee report concluded: "the use of children…as the subjects of pornographic materials is very harmful to both the children and the society as a whole," describing

the conduct as "outrageous." S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 43.

Goldberg's actions violated federal law and represented a treatment of children that society justifiably deems abhorrent. Accordingly, a 10-year sentence of imprisonment expresses an appropriate level of social condemnation of his crimes.

### 3. *A sentence of 10 years of imprisonment followed by a lengthy term of supervision would provide adequate deterrence and protect the public.*

Deterrence is especially important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *Id*. The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class..." *Smith v. Doe*, 538 U.S. 84, 103 (2003). Goldberg's conduct supports a lengthy sentence to protect children in the community—now and into the future.

This Court should also impose a lengthy sentence to send a strong warning to other individuals currently involved in or considering similar conduct. *See United States v. Irey*, 612 F.3d at 1208 (11th Cir. 2010) ("There is another aspect of the compounding harm that the production and distribution of child pornography inflicts. It may incite or encourage others to sexually abuse children."). A 10-year sentence of imprisonment followed by a 15-year term of supervision signals to other adults interested in the exploitation of children that such behavior is abhorrent and will be punished harshly, even if there is a "low" image count, each image is a child

being sexually exploited.

## II. Sex Offender Special Conditions

When imposing special supervised release conditions, courts must provide defendant-specific reasons why the condition supports and furthers the section 3583(d) factors. *United States v. Koch*, 978 F.3d 719, 725 (10th Cir. 2020); 18 U.S.C. § 3583(d). A "hypertechnical" analysis is not required, *Koch*, 978 F.3d at 725, but courts must generally explain that the special condition (1) is reasonably related to pertinent § 3553(a) factors[1], (2) does not deprive the defendant of liberty greater than reasonably necessary, and (3) is consistent with Sentencing Commission policy statements. 18 U.S.C. § 3583(d).

However, to impose special supervised release conditions that limit or prohibit a defendant's access to constitutionally protected materials, like adult pornography, courts "must justify the condition with compelling circumstances." *Koch*, 978 F.3d at 725-26 ("[C]ase law mandates that the district court engage in an on-the-record analysis of the propriety of all special conditions of supervised release and a particularly meaningful and rigorous analysis when the special condition implicates a fundamental right or interest."). Specifically, to impose a condition that restricts a defendant's access to "sexually explicit materials involving adults," courts must "(1) identify the rehabilitative, deterrent, or penological purpose of the condition; and (2)

---

[1] Specifically, the nature and circumstances of the offense, history and characteristics of the defendant, as well as the need to deter criminal conduct, protect the public from the defendant's future crimes, and to assist in rehabilitation. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D).

balance any such purpose against First Amendment concerns." *United States v. Englehart*, 22 F.4th 1197, 1208, 1210 (10th Cir. 2022).

In this case, the Court may consider the imposition of Special Sex Offender conditions, including a condition prohibiting possessing or viewing videos or visual depictions displaying sexual acts as defined by 18 U.S.C. § 2246(2). (PSR at ¶ 47). The special condition prohibiting possessing or viewing videos or visual depictions displaying sexual acts as defined by 18 U.S.C. § 2246(2) is appropriate and should be applied in this case because of the nature of Goldberg's offense, possessing child pornography.

First, the nature and circumstances of Goldberg's offense and his characteristics require the condition. Not only did Goldberg, a convicted sex offender, possess child pornography, but he also admittedly viewed child sexual abuse material for decades after his release from federal prison. Second, the special condition deters future criminal conduct, protects the public, and assists in rehabilitating Goldberg. Any access to adult pornography, and other sexual content involving young girls may "serve as sexualizing gateway to his consumption of child pornography." *See United States v. Koch*, 978 F.3d 719 (10th Cir. 2020).

The need for this condition outweighs the impact on Goldberg's First Amendment rights. The impact on Goldberg's First Amendment rights is small and targets directly at the relevant issue should Probation recommend that Goldberg be prohibited from possessing or viewing videos or visual depictions displaying sexual acts as defined by 18 U.S.C. § 2246(2). This sexual act definition includes specific

definitions of sexual conduct, which tailors Goldberg's restrictions to that appropriately narrow window necessary to deter and rehabilitate Goldberg. This special condition prohibiting possessing or viewing sexual acts seeks to prohibit Goldberg's access to material that might inflame his sexual interest in children or make it difficult for his Probation Officer to restrict his access to illegal child pornography, but no further.

This Court should impose the Special Sex Offender Condition discussed above because Goldberg's sexual proclivity towards children reinforced by his years of viewing child sexual abuse material and coupled with the child pornography found on his laptop, create compelling, defendant-and-case-specific circumstances justifying any minimal infringement on Goldberg's constitutional rights.

**Conclusion**

For the above-described reasons, the government requests that the Court accept the parties 11(c)(1)(B) plea agreement and impose a sentence of 10 years imprisonment followed by a term of 15 years of supervision

Respectfully submitted,

CLINT JOHNSON
UNITED STATES ATTORNEY

*/s/ Mallory Richard*
Mallory Richard, LSBA No. 37520
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK  74119
Telephone: (918) 382-2700

**Certificate of Service**

I hereby certify that on this 11th day of June, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Beverly Atteberry
*Counsel for the Defendant*

   */s/ Mallory Richard*    
Assistant United States Attorney